T.C. Memo. 2004-26

UNITED STATES TAX COURT

JON A. AND LINDA A. JEWETT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16437-02.                    Filed February 3, 2004.

<u>Steven R. Stolar</u>, for petitioners.

<u>Ric D. Hulshoff</u>, for respondent.

MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioners' Federal income tax of $2,273 for the
taxable year 1999.  Unless otherwise indicated, section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

The issue for decision is whether petitioners are entitled

to deduct actual travel expenses.

Some of the facts have been stipulated and are so found. Petitioners resided in Reno, Nevada, at the time their petition was filed.

Because petitioners did not meet the substantiation and recordkeeping requirements of section 7491(a)(2), the burden of proof remains on petitioners. Rule 142(a).

Through 1999, petitioner husband (petitioner) was a merchant seaman. During 1999, he was the Chief Engineer on the S.S. Sealand Producer, a container ship. His typical tour of duty was 56 days, plus 1 day travel each way between his home and the port where his tour began, for a total of 58 days. The ship traveled to various ports, principally in the Caribbean and Gulf of Mexico. Meals and lodging were provided by petitioner's employer and were available to him during the periods in 1999 that he was assigned to a vessel and on active status. Petitioner testified that while in port he would leave the ship and incur expenses on shore.

Petitioners filed a Form 1040, U.S. Individual Income Tax Return, for their 1999 taxable year (return). On Schedule A, Itemized Deductions, attached to petitioners' return, petitioners claimed a deduction for "Meals & Incidental Expenses (full M & IE)" in the total amount of $11,147. Petitioners alleged that this deduction was "deemed substantiated" pursuant to Rev. Proc.

98-64, 1998-2 C.B. 825.  The parties stipulated that this full M & IE rate deduction purportedly was supported by a "Sailor Travel Statement" attached to petitioners' return.

After petitioners' return was filed, Johnson v. Commissioner, 115 T.C. 210 (2000), was issued.

During the examination of petitioners' return, petitioners conceded that they were not entitled to the full M & IE rate deduction as claimed.  Instead, petitioners conceded they were entitled to the lesser total amount of $1,978, which represents the "incidental expense" portion of the M & IE rate, as allowed by Johnson v. Commissioner, supra.

The $9,169 adjustment in the notice of deficiency represents the subtraction of the "incidental expense" of $1,978 from the $11,147 expense claimed on petitioners' return.

Petitioners now seek a deduction for "actual expenses" incurred while in the course of travel.

As this Court noted in Johnson v. Commissioner, supra at 228, "taxpayers, to the extent that the amounts set forth in the revenue procedures fail to reflect the actual cost of their incidental expenditures, are entitled to a deduction for their actual expenses.  In such a situation, however, taxpayers must be prepared to meet all the substantiation requirements, including, especially, written documentation as to the amounts of those costs."  The Court goes on to refer to the section 274

regulations which except taxpayers from strict substantiations in the case of expenditures of less than a prescribed amount. Petitioner, like the taxpayer in Johnson, has not shown that he made any expenditure that fits within these exceptions. Johnson v. Commissioner, supra at 228 n.11.

Section 274(d) imposes stringent substantiation requirements for the deduction of travel expenses. Taxpayers must substantiate by adequate means certain elements in order to claim deductions, such as the amount of such expenditure, the date of the expenditure or use, the place of each separate expenditure, and the business purpose for an expenditure or use. Sec. 274(d); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To substantiate a deduction by means of adequate records, a taxpayer must maintain an account book, diary, log, statement of expense, trip sheets, and/or other documentary evidence, which, in combination, are sufficient to establish each element of expenditure or use. The log must be made at or near the time of the expenditure. Sec. 1.274-5T(c)(2)(i) and (ii), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Petitioner claimed that he prepared a log listing his travel expenses at or near the times of the expenditures. We are not required to accept petitioner's self-serving statements. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Our review of this log leads us to conclude it was prepared at one time, and

the entries could not have been made at or near the times of the expenditures. Respondent also observes that petitioners took the position on their return that they were entitled to a deduction based on a per diem rate without the need for substantiation, and maintenance of a calendar log of actual expenses is inconsistent with that position. Respondent further commented that the return had nearly 30 documents attached to it to support petitioners' claim, but the log was not attached. For the aforesaid reasons, we do not give the purported log any credence.

Petitioner also referred to the so-called supporting schedule of expenses attached to the return. This schedule bears the name of a certified public accountant on each page. Petitioners' counsel stated at trial that this was prepared during the audit. This obviously was not made at or near the time of any of the expenditures. Moreover, this schedule was attached to petitioners' return, which was an exhibit attached to the parties' stipulation. This Court has long held that the return is merely a statement of the petitioners' claim and does not establish the facts contained therein. Lamphere v. Commissioner, 70 T.C. 391, 394 (1978); Roberts v. Commissioner, 62 T.C. 834, 837 (1974); Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957).

Our review of the record shows there was no record made at or near the time of any of the expenditures claimed as actual

expenses nor has petitioner substantiated such expenses by other sufficient evidence.  Johnson v. Commissioner, supra.  We reject petitioners' position because we find that petitioners did not substantiate the actual expenses.

We agree that petitioners are entitled to claim the incidental expenses, as computed in accord with Johnson, and as allowed by respondent in the notice of deficiency.

Accordingly, we sustain respondent's determination.

Contentions we have not addressed are irrelevant, moot, or meritless.

Decision will be entered for respondent.