T.C. Memo. 2013-85

UNITED STATES TAX COURT

DONALD B. MEINHARDT AND ARVILLA MEINHARDT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21903-09.          Filed March 27, 2013.

<u>Eric William Johnson</u>, for petitioners.

<u>Blaine Charles Holiday</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>: Respondent determined deficiencies and penalties with respect to petitioners' Federal income tax as follows:

| [*2] Year | Deficiency | Penalty sec. 6662(a) |
|---|---|---|
| 2005 | $9,204 | $1,840 |
| 2006 | 10,052 | 2,010 |
| 2007 | 3,535 | 707 |

Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

After concessions[1] the issues for consideration are: (1) whether petitioners may deduct expenses associated with their farmhouse under section 162 for tax years 2005, 2006, and 2007 on Schedules E, Supplemental Income and Loss; (2) alternatively, whether petitioners may deduct the claimed farmhouse expenses under section 212 on Schedules A, Itemized Deductions; and (3) whether petitioners are liable for the section 6662(a) accuracy-related penalties.

---

[1]Petitioners concede the disallowance in the notice of deficiency of the deductions claimed on Schedule C, Profit or Loss From Business, except those allowed in respondent's revised examination report dated September 1, 2009. Petitioners also concede the disallowance of the casualty loss deduction claimed for tax year 2007; however, this concession is moot because of a switch to the standard deduction in the revised examining agent's report.

**[*3]**                          FINDINGS OF FACT

Some of the facts are stipulated and are so found.  Petitioners resided in Minnesota when they filed the petition.

Petitioners timely filed their 2005, 2006, and 2007 Forms 1040, U.S. Individual Income Tax Return.  On June 9, 2009, respondent issued petitioners a notice of deficiency determining deficiencies of $9,204 for 2005, $10,052 for 2006, and $3,535 for 2007 and determining penalties under section 6662(a) of $1,840 for 2005, $2,010 for 2006, and $707 for 2007.

During the years in issue petitioner husband, an architect, worked full time at an architectural firm.  Petitioner wife operated a day care center out of petitioners' home.

In 1976 petitioners purchased approximately 140 acres of land that was improved with a farmhouse and outbuildings and that also consisted of crop land and pasture land.  Petitioners rented out the farmland separately from the farmhouse.  Since purchasing the land petitioners have had numerous local farmers lease the crop land and the pasture land.  Petitioners attempted to rent out the farmhouse but were unsuccessful in finding tenants to rent the house in exchange for cash.  Petitioners claimed the following receipts, expenses, and losses on Schedules E of their Forms 1040:

| [*4] Category | 2005 | 2006 | 2007 |
|---|---|---|---|
| Rents received | $10,260 | $10,800 | $10,800 |
| Total expenses | 29,474 | 26,611 | 18,449 |
| Losses | (19,214) | (15,811) | (7,649) |

All of the rental income reported on the Schedules E was from the rental of the crop land and the pasture land. The Schedule E adjustments in the notice of deficiency are associated only with the farmhouse. Respondent disallowed the following expenses that were reported on Schedules E of petitioners' Forms 1040:

| Category | 2005 | 2006 | 2007 |
|---|---|---|---|
| Auto/travel | $2,587 | -0- | -0- |
| Insurance | 315 | $541 | $586 |
| Repairs | 8,589 | 6,977 | 2,641 |
| Supplies | 1,320 | 1,489 | 1,280 |
| Utilities | 1,868 | 1,575 | 1,640 |
| Other | 5,844 | 3,754 | 1,688 |
| Total | 20,523 | 14,336 | [1]7,835 |

[1]The total for 2007 differs from the total included in the stipulation of facts. The above total corrects a math error.

Petitioners did not present any documentary evidence showing that they actually incurred these disallowed expenses.

[*5]   From 1976 through 2007 various individuals lived in the farmhouse at different times, often exchanging services (such as repairs and maintenance on the farmhouse) for use of the house.  Over the years the occupants included petitioner wife's brother, who lived in the farmhouse seasonally for 20 years, petitioners' daughter and her husband, who lived in the farmhouse for four years, and petitioners' son and his family, who lived in the farmhouse for three months.  Petitioners never received rent for use of the farmhouse.  At various other times the farmhouse remained vacant.  Petitioners did not keep or present at trial any detailed records of the value of these barter exchanges or the fair market rental value of the farmhouse.  It is unclear whether the farmhouse was in use or remained vacant during the years in issue.

During the years in issue petitioners occasionally used the farmhouse to stay overnight, change clothes, or cook meals after working on the farm.  Petitioners also kept carpentry tools and supplies at the farmhouse, which they would use when remodeling and working on the farmhouse.  Petitioners had access to the farmhouse at all times.

Petitioners hired Geoffrey Tenney to prepare their Federal income tax returns for the years in issue.  Mr. Tenney was a practicing Minnesota attorney who regularly handled tax returns in the community.

**[\*6]**                                         OPINION

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Under section 7491(a), in certain circumstances, the burden of proof may shift from the taxpayer to the Commissioner.  Petitioners have not claimed to meet and have not shown that they meet the specifications of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction.  <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).  Sections 162 and 212 allow a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business or for the production or collection of income.  <u>See</u> secs. 162(a), 212.  If an activity is not engaged in for profit, generally no deduction is allowed under sections 162 and 212.  <u>See</u> sec. 183.  Section 183(c) defines an "activity not engaged in for profit" as any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212.

[*7] Section 162

Section 162 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, Welch v. Helvering, 290 U.S. at 113. The expense must directly connect with or pertain to the taxpayer's business. Sec. 1.162-1(a), Income Tax Regs.

While petitioners reported insurance, supplies, repair, and other expenses associated with the farmhouse, they failed to show that they operated a real estate rental business with their farmhouse. Petitioners were unable to rent out the farmhouse and consequently received no rental income for the house.

Petitioners contend that the farmhouse was available for rent during the years in issue; however, they testified that during this time the farmhouse either remained vacant or was occupied by relatives. A taxpayer may not deduct a personal, living, or family expense unless the Code expressly provides otherwise. Sec. 262(a).[2] Petitioners periodically allowed family members to live in the

---

[2]Although neither petitioners nor respondent discussed sec. 280A, we note that no deduction is allowed with respect to the use of a dwelling unit which is used

(continued...)

[*8] farmhouse rent free and, at other times, left the farmhouse vacant. Petitioners contend that these family members provided services in exchange for use of the farmhouse; however, petitioners did not report rental income from these bartering transactions on their Federal income tax returns. In addition, petitioners did not prove that the value of these barter exchanges was equal to the fair market rental value of the farmhouse. Petitioners have failed to prove the deductibility of these expenses under section 162 because they have not proved that these expenses were tied to a real estate property rental business.

Section 212

Section 212 provides, in relevant part, that an individual taxpayer can deduct all the ordinary and necessary expenses paid or incurred (1) for the production or collection of income or (2) for the management, conservation, or maintenance of property held for the production of income. Sec. 212(1) and (2).

---

[2](...continued) by the taxpayer during the taxable year as a residence. See sec. 280A. A taxpayer is treated as using a dwelling unit as a residence if he used the unit for personal purposes for a certain number of days. Sec. 280A(d)(1). A taxpayer is deemed to have used a dwelling for personal purposes for any day the unit is used by a member of the taxpayer's family, sec. 280A(d)(2)(A), unless the unit is rented at a fair rental for use as a principal residence. Because the evidence in this case did not establish whether anyone lived in the farmhouse during the years in issue, and because we resolve this case on other issues, we do not resolve the issue of the potential applicability of sec. 280A.

[*9] The taxpayer bears the burden of proving the property was held for the production of income during the years in issue. Meredith v. Commissioner, 65 T.C. 34, 41 (1975). Whether property is held for the production of income is a question of fact to be determined from all of the facts and circumstances. Johnson v. Commissioner, 59 T.C. 791 (1973), aff'd, 495 F.2d 1079 (6th Cir. 1974).

The term "income" for the purpose of section 212 is not limited to current income. As defined in the pertinent regulations, the term "income" for the purpose of section 212 includes not merely income of the taxable year but also income which the taxpayer has realized in a prior taxable year or may realize in subsequent taxable years and is not confined to recurring income but applies as well to gains from the disposition of property. Sec. 1.212-1(b), Income Tax Regs.

The standard for determining whether an individual taxpayer is engaged in an activity for the production or collection of income, sec. 212(1), or for the management, conservation, or maintenance of property held for the production of income, sec. 212(2), is whether the taxpayer engaged in the activity with an actual and honest objective of making a profit, Elliott v. Commissioner, 90 T.C. 960, 969 (1988), aff'd without published opinion, 899 F.2d 18 (9th Cir. 1990); Dreicer v. Commissioner, 78 T.C. 642, 646 (1982), aff'd without published opinion, 702 F.2d 1205 (D.C. Cir. 1983).

**[\*10]** During the years in issue petitioners never occupied the property as their residence. This case does not involve the fact situation where a taxpayer has moved out of his or her residence and then tries to deduct expenses connected with that residence. See Ray v. Commissioner, T.C. Memo. 1989-628. In that situation the question is whether, after abandonment of the residence (abandonment of the personal use), the taxpayer has converted that property to an income-producing property, either as rental property or as investment property held for postconversion appreciation in value. Id.; see Grant v. Commissioner, 84 T.C. 809, 824-826 (1985), aff'd without published opinion, 800 F.2d 260 (4th Cir. 1986); Meredith v. Commissioner, 65 T.C. 34; Newcombe v. Commissioner, 54 T.C. 1298 (1970). As these cases show and as relevant here, however, even if the taxpayer never used the property as a residence there still must be some affirmative act appropriating the property for the production of income. Ray v. Commissioner, T.C. Memo. 1989-628.

During the years in issue petitioners occasionally stayed at the farmhouse, sleeping at the house overnight, changing clothes, and cooking meals after working on the farm. Petitioners kept tools and supplies in the farmhouse for use when working on the farm or the house itself. Relatives often stayed at the farmhouse as well. Petitioners did not abandon all personal use of the farmhouse.

**[*11]** Petitioners differentiated the farmland from the farmhouse and rented out the farmland separately. The farmhouse could be used for petitioners' recreational purposes if they chose.

Petitioners did try to rent out the farmhouse, but they did not receive offers to rent for cash. Instead, residents of the farmhouse stayed in the house rent free in exchange for providing services, which included carpentry work, roofing, and other repair work on the house. There is no indication that the value of these services in any way approximated the fair rental value of the property. From 1976 through 2007 there were no offers to rent the farmhouse and no tenants paying rent to live in the farmhouse. Approximately 24 of the 31 years the farmhouse was available for rent, petitioners had relatives living in the farmhouse rent free. Petitioners do not contend that they tried to sell the farmhouse or that they held it for possible appreciation in value. We find that petitioners did not put forth reasonable effort to rent out the farmhouse, and as in Ray we note that petitioners' allowing individuals to live in the house rent free connotes personal use. See id.

We conclude that petitioners did not prove that the farmhouse was held for the production of income during the years in question. See Meredith v. Commissioner, 65 T.C. at 43. Petitioners did nothing to generate revenue during the years in issue, and they had no credible plan for operating it profitably in the

[*12] future.  See Mitchell v. Commissioner, T.C. Memo. 2001-269.  There was no affirmative act (renting or holding for appreciation in value) to demonstrate that the property was held for the production of income.  See Ray v. Commissioner, T.C. Memo. 1989-628.  In Meredith, the Court held that the taxpayers had no reasonable expectation of rental income after being unable to rent out their house for numerous years.  The Court reasoned that the taxpayers failed to change strategies over numerous years to obtain a tenant.  Meredith v. Commissioner, 65 T.C. at 42.  Petitioners made no effort to change their strategy after being unable to find a rent-paying tenant for over 30 years.  Like the taxpayers in Meredith, petitioners did not have a reasonable expectation of realizing rental income from the property.

Substantiation

Taxpayers are required to substantiate each claimed deduction by maintaining records sufficient to establish the amount of the deduction and to enable the Commissioner to determine the correct tax liability.  Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001).  The Court may estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743

**[*13]** (1985). This is often referred to as the <u>Cohan</u> rule. <u>See, e.g.</u>, <u>Estate of</u> <u>Reinke v. Commissioner</u>, 46 F.3d 760, 764 (8th Cir. 1995), <u>aff'g</u> T.C. Memo. 1993-197.

Certain expenses, including automobile and travel expenses, require substantiation. <u>See</u> sec. 274(d). To substantiate by sufficient evidence corroborating the taxpayer's own statement, the taxpayer must establish each element by the taxpayer's statement and by direct evidence, such as documentary evidence. Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). Section 274(d) overrides the <u>Cohan</u> rule. <u>Boyd v.</u> <u>Commissioner</u>, 122 T.C. 305, 320 (2004); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985) (flush language) (noting that section 274 supersedes the <u>Cohan</u> rule).

Petitioners contend that they bartered accommodations at the farmhouse for services; however, they failed to show that the farmhouse was a rental property used for the production of income. Petitioners did not present adequate records of these transactions or of the value of the barter exchanges for use of the farmhouse, the property that they depreciated, or the deductible nature of expenses claimed. Substantiation of the payment and business purpose of claimed expenses requires records. Sec. 6001. The evidence presented to the Court is not sufficient to

**[*14]** enable us to verify the amounts of these expenses or whether they were ordinary and necessary business expenses. See Dougherty v. Commissioner, T.C. Memo. 1986-188, aff'd without published opinion, 822 F.2d 1093 (8th Cir. 1987). A tax return is merely a statement of the taxpayer's claim and does not establish the facts contained therein. Jewett v. Commissioner, T.C. Memo. 2004-26, slip op. at 5; see Lamphere v. Commissioner, 70 T.C. 391, 394 (1978). We find that petitioners failed to establish that their expenses are deductible under sections 162 and 212 and that they failed to substantiate these reported expenses.

Section 6662

Respondent determined that for each year at issue petitioners are liable for an accuracy-related penalty pursuant to section 6662(a). Respondent contends that petitioners are liable for the accuracy-related penalties on alternative grounds: (1) the underpayment is attributable to negligence or disregard of rules or regulations within the meaning of section 6662(b)(1); or (2) there was a substantial understatement of income tax within the meaning of section 6662(b)(2). Only one accuracy-related penalty may be applied with respect to any given portion of an underpayment, even if that portion is subject to the penalty on more than one of the grounds set out in section 6662(b). Sec. 1.6662-2(c), Income Tax Regs.

**[*15]** The Commissioner bears the burden of production with respect to this penalty. Sec. 7491(c). Once the Commissioner meets this burden, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

Section 6662(a) imposes a penalty equal to 20% of the amount of any underpayment attributable to various factors, including negligence or a substantial understatement of income tax. Sec. 6662(b)(1) and (2). Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and is the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances. Sec. 6662(c); Neely v. Commissioner, 85 T.C. 934 (1985); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence also includes any failure by the taxpayer to keep adequate records to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. Petitioners failed to properly substantiate their expenses on the farmhouse and failed to keep adequate records of these expenses. The expenses on petitioners' Schedules E cannot be tied to any income-producing activity or rental activity from the farmhouse. Respondent has met his burden of production with regard to the accuracy-related penalties on the basis of negligence.

**[\*16]** The section 6662(a) accuracy-related penalty does not apply with respect to any portion of the underpayment for which it is shown that the taxpayer had reasonable cause and acted in good faith. Sec. 6664(c)(1). For purposes of section 6664(c), a taxpayer may be able to establish reasonable cause and good faith by showing reliance on professional advice. Sec. 1.6664-4(b)(1), Income Tax Regs. Whether the taxpayer acted with reasonable cause and in good faith depends on all of the pertinent facts and circumstances. See id. Generally, the most important factor is the taxpayer's effort to assess his or her proper tax liability. Id. In order to show justified reliance on professional advice, a taxpayer must show that: (1) the adviser was a competent professional who had sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); see also Estate of La Meres v. Commissioner, 98 T.C. 294, 315-316 (1992).

Petitioners recognized their unfamiliarity with tax law and approached Mr. Tenney, a practicing attorney during the years in issue, to assist in preparing their Forms 1040. Petitioners testified that Mr. Tenney "did a high volume of tax returns for the whole community". Petitioners also testified that Mr. Tenney

[*17] "asked questions about the farm". Petitioners gave him "all of [the] materials that * * * [they] thought were relevant to * * * [their] taxes". We conclude that petitioners in good faith took reasonable efforts to assess their proper tax liabilities by seeking advice from a qualified tax return preparer and reasonably relied on Mr. Tenney's expertise. See Furnish v. Commissioner, T.C. Memo. 2001-286; sec. 1.6664-4(b)(1), Income Tax Regs. Accordingly, petitioners are not liable for the section 6662(a) accuracy-related penalties.

To reflect the foregoing,

Decision will be entered

under Rule 155.