# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2924
_____

Donald B. and Arvila Meinhardt

*Appellants*

v.

Commissioner of Internal Revenue

*Appellee*
_____

Appeal from The United States Tax Court

_____

Submitted: June 11, 2014
Filed: September 10, 2014
_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.
_____

LOKEN, Circuit Judge.

In 1976, architect Donald Meinhardt and his wife Arvila purchased 140 acres of farmland in rural Minnesota consisting of three contiguous parcels of tillable land and pasture land and an eighty-year-old farmhouse in need of substantial repair and renovation. In the years following, the Meinhardts at times farmed the tillable and pasture land themselves but regularly rented the farmland to neighboring farmers for cash rent. On their income tax returns for 2005, 2006, and 2007, the Meinhardts

deducted, as ordinary and necessary business expenses, substantial expenses that related solely to the farmhouse and surrounding outbuildings, in addition to their ordinary and necessary expenses related to the leased farmland. The Commissioner of Internal Revenue issued notices of deficiency that explained in relevant part, "Since the farm land is the only part of the property that is leased and income derived, you cannot deduct the expenses of owning the home on the farm."

The Meinhardts petitioned the United States Tax Court, challenging the deficiencies. After the parties resolved other issues and a short trial on the farmhouse expenses issue, the Tax Court denied the petition, disallowing $42,694 in claimed deductions because the Meinhardts failed to prove that the farmhouse expenses "were tied to a real estate property rental business" for purposes of 26 U.S.C. ("IRC") § 162, or related to "property held for the production of income" within the meaning of IRC § 212. Meinhardt v. Comm'r, 105 T.C.M. (CCH) 1530 (2013).[1] Reviewing the Tax Court's resolution of these fact-intensive issues for clear error, we affirm. See Keating v. Comm'r, 544 F.3d 900, 903 (8th Cir. 2008) (standard of review).

**I.**

The parties stipulated that all reported farm-related income was cash rent paid by neighboring farmers who leased the pasture and crop lands during the tax years in question. The Meinhardts reported "Land Farm Rental" losses of $19,214 in 2005, $15,811 in 2006, and $7,649 in 2007. The Commissioner disallowed expenses of $20,523 in 2005, $14,336 in 2006, and $7,835 in 2007 because they related solely to the farmhouse. The dollar amounts are not at issue; the question on appeal is whether farmhouse-related expense deductions should have been disallowed.

---

[1]The Tax Court rejected the Commissioner's imposition of an accuracy-related penalty under IRC § 6662(a) because the Meinhardts "in good faith took reasonable efforts to assess their proper tax liabilities by seeking advice from a qualified tax return preparer."

Donald Meinhardt, the sole trial witness, testified that he received a substantial bonus from his architectural firm in 1975 and decided to apply the bonus toward purchase of the farm because "[i]t looked like a good investment." The Meinhardts purchased the three contiguous 140-acre parcels together for $75,000. They have never attempted to sell the land or the house; they estimate the entire farm is now worth $375,000. Donald did not estimate the value of the farmhouse alone, but he did testify that it would be possible to sell the farmhouse separately from the land, by parceling off about ten acres with the house. The Meinhardts now reside in the farmhouse but lived in a separate suburban Minneapolis residence from the time they bought the farm until 2010.

Donald testified that he was unable to rent the farmhouse to neighboring farmers who leased the crop and pasture land, so he sought cash renters by placing ads in newspapers, putting up notices in local stores, and telling various people in the area that the house was for rent. However, the Meinhardts never found any renter who would pay in cash. Instead, they "rented" to persons who performed services on the property. From approximately 1976 to 1979, first the former owners of the farm and then a local couple lived in the farmhouse, performing services such as carpentry in lieu of cash rent. From approximately 1980 through the years at issue, the farmhouse was at times vacant and at times occupied by the Meinhardts' relatives, who performed services including repairs and maintenance on the house. The Meinhardts did not present records valuing these services. During this time, Donald occasionally used the farmhouse as a place to change clothes or stay overnight when he was doing work on the farm, kept tools and supplies in the farmhouse and outbuildings, and always had access to the farmhouse.

## II.

The Internal Revenue Code allows taxpayers deductions for their ordinary and necessary business expenses, § 162, and for expenses incurred for the production of

income, § 212. Deductibility depends on whether the activity was carried on for income or profit. See Comm'r v. Groetzinger, 480 U.S. 23, 35 (1987); Keating, 544 F.3d at 903; Iowa S. Util. Co. v. Comm'r, 333 F.2d 382, 386 (8th Cir.), cert. denied, 379 U.S. 946 (1964). A taxpayer "need not have a reasonable expectation of a profit but must have a good faith intention of making a profit or of producing income." DKD Enters. v. Comm'r, 685 F.3d 730, 735 (8th Cir. 2012) (quotation omitted).[2] In deciding whether the taxpayer lacked a genuine profit motive, the Tax Court "is not conclusively bound by the taxpayer's stated intention." Id.

The Meinhardts argued to the Tax Court that their farmhouse-related expenses in 2005-2007 were deductible under IRC § 162 or, alternatively, § 212. The Tax Court determined that the Meinhardts "failed to prove the deductibility of [the farmhouse] expenses under section 162 because they have not proved that these expenses were tied to a real estate property rental business." The Tax Court further found the farmhouse expenses were not deductible under § 212 because the Meinhardts had not proved that they held the farmhouse for the production of rental income. The court noted that the Meinhardts "do not contend that they tried to sell the farmhouse or that they held it for possible appreciation in value."

**A.** On appeal, the Meinhardts first contend the Tax Court erred in disallowing § 162 deductions because they operated the farmhouse as a real estate rental business in the years 2005-2007. They urge two alternative § 162 theories. First, they argue the evidence shows the farmhouse was a stand-alone rental business because they made ongoing efforts through local advertising to make a profit by finding persons who would pay cash rent for the farmhouse, despite the difficulty of renting a farmhouse in rural Minnesota. They correctly note that lack of past success and the

---

[2]Personal living and family expenses, and expenses for activities not engaged in for profit, are generally not deductible. IRC §§ 262(a), 183.

doubtfulness of future success are not fatal to a claim of genuine profit motive. See DKD Enters., 685 F.3d at 735.

During the years in question, the farmhouse was either vacant or occupied by relatives who lived there rent-free. The Meinhardts stayed at the farmhouse from time to time and stored carpentry tools and supplies used to repair and remodel the farmhouse. Donald testified that the relatives provided repair and other services in lieu of cash rent. But the Meinhardts kept no detailed record of these "barter exchanges," did not report rental income equal to the value of these services, and made no showing "that the value of these services in any way approximated the fair rental value of the property." As the Tax Court noted, evidence the Meinhardts made no changes in their efforts to rent the property, despite thirty unsuccessful years, undermined their assertion that they sought to profit by renting the property. The lack of evidence of a rental property business strategy, and evidence they allowed relatives to live in the house rent-free, supported a finding that the Meinhardts held the property as an alternative residence for the personal use of their extended family. On this bare bones record, the Tax Court did not clearly err in finding that they lacked a profit motive for the alleged farmhouse rental business.

Alternatively, the Meinhardts argue the Tax Court erred in rejecting their contention that the entire farm was "a single rental business involving multiple related undertakings" and therefore all expenses of that single business, including the farmhouse expenses, were deductible. This contention was governed by Treas. Reg. § 1.183-1(d)(1), which provides:

> [W]here the taxpayer is engaged in several undertakings, each of these may be a separate activity, or several undertakings may constitute one activity. In ascertaining the activity or activities of the taxpayer, all the facts and circumstances of the case must be taken into account. . . . Generally, the Commissioner will accept the characterization by the taxpayer of several undertakings either as a single activity or as separate

-5-

activities. The taxpayer's characterization will not be accepted, however, when it appears that his characterization is artificial and cannot be reasonably supported under the facts and circumstances of the case.

The Meinhardts argue their characterization of the farm as one activity with "three interrelated income-generating parts" was not an "artificial" characterization; they purchased the farmhouse and farmland together as an investment and "viewed both the land and the farmhouse as opportunities to make the farm more profitable."

Whether leasing the farm land and attempting to rent the farm house were activities to be considered separately or together "was a question of fact for resolution by the Tax Court." Estate of Power v. Commissioner, 736 F.2d 826, 829 (1st Cir. 1984). The Tax Court found that the Meinhardts "differentiated the farmland from the farmhouse and rented out the farmland separately," and "did not abandon all personal use of the farmhouse." Again, we find no clear error. Throughout their ownership of the property, the Meinhardts "rented" the farmhouse separately from the farmland, retaining access to and control over the farmhouse for personal purposes, including staying overnight or changing clothes there themselves. They offered no evidence they ever tried to rent or lease the farmhouse and farmland together. Donald testified the farmhouse could be parceled off and sold separately from the crop and pasture land. The Tax Court did not clearly err in finding that the Meinhardts treated the farmhouse separately from the leased farmland, which was admittedly a business activity, and therefore expenses related solely to the farmhouse could not be deducted as ordinary and necessary expenses of the leased farmland activity.

**B.** The Meinhardts argue the farmhouse was property held for the production of income, making farmhouse expenses deductible under § 212. The term "income" for purposes of § 212 includes income the taxpayer "may realize in subsequent taxable years; and . . . applies as well to gains from the disposition of property." Treas. Reg. § 1.212-1(b). However, "no deductions are allowable for expenses

incurred in connection with activities which are not engaged in for profit." Treas. Reg. § 1.183-2(a). The regulations identify nine-factors to consider in determining whether an activity is engaged in for profit. See Keating, 544 F.3d at 904.

The Tax Court found that the Meinhardts did not prove the farmhouse was held for the production of income during the tax years in question because they "did nothing to generate revenue during the years in issue [and] had no credible plan for operating it profitably in the future. There was no affirmative act (renting or holding for appreciation in value) to demonstrate that the property was held for the production of income." (T.C. Memo. citations omitted.) This finding, too, was not clearly erroneous. Without question, the Meinhardts' expenditures for substantial repair and improvement of the farmhouse over many years, including the tax years in question, increased the value of that property. But they failed to prove that they were holding and improving the property to profit from its rental or its appreciation, as opposed to improving it for personal use. The reasonableness of this alternative personal-use explanation for the expenditures in 2005-2007 was rather dramatically confirmed when they sold their home in suburban Minneapolis and moved into the farmhouse in 2010.

For the foregoing reasons, the decision of the Tax Court is affirmed.

_____